**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 1 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO RODRIGUEZ-GARCIA, AKA Carlos A. Contreras, AKA Pedro Garcia, AKA Pedro Rodriguez, AKA Pedro Rodriguez Garcia, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   19-71735 <br><br> Agency No. A079-768-854 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2021**

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Pedro Rodriguez-Garcia, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

and reconsider.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of discretion the BIA's denial of a motion to reopen and a motion to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny the petition for review.

The BIA did not abuse its discretion in denying Rodriguez-Garcia's motion to reopen and reconsider as untimely, where he filed the motion more than 4 years after the order of removal became final and Rodriguez-Garcia failed to demonstrate that he met the requirements for equitable tolling. *See* 8 C.F.R. §§ 1003.2(b)(2), (c)(2); *see also Avagyan v. Holder*, 646 F.3d 672, 677-79 (9th Cir. 2011) (discussing the circumstances in which a movant may be entitled to equitable tolling).

The BIA did not abuse its discretion in denying Rodriguez-Garcia's motion to reopen and reconsider where his challenges to the agency's jurisdiction under *Pereira v. Sessions*, —— U.S. ——, 138 S. Ct. 2105 (2018), fail under *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019).

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED.**